**FILED**

August 02, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  JU

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MICHAEL ANTHONY RIOJAS, | § | |
| TDCJ No. 02191102, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL NO. SA-21-CV-01162-OLG |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Michael Anthony Riojas's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) and Respondent Bobby Lumpkin's Motion to Dismiss (Dkt. No. 10). In his § 2254 petition, Petitioner challenges the constitutionality of his 2018 state court conviction for possession of a controlled substance with intent to deliver, arguing that: (1) he received ineffective assistance from his trial counsel, (2) he was denied the right to allocution, (3) the trial court abused its discretion, and (4) the prosecution committed misconduct during trial and closing argument. In his motion to dismiss, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I.  Background

In April 2018, a Gonzales County jury convicted Petitioner of possession of a controlled substance with intent to deliver and sentenced him to life imprisonment.  *State v. Riojas*, No. 17-17-B (25th Dist. Ct., Gonzales Cnty., Tex. Apr. 3, 2018); (Dkt. No. 11-1 at 73–74).  The Texas Thirteenth Court of Appeals affirmed his conviction on direct appeal.  *Riojas v. State*, No. 13-18-00293-CR, 2019 WL 3953103 (Tex. App.—Corpus Christi-Edinburg, Aug. 22, 2019, no. pet.); (Dkt. No. 11-15).  Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals despite being granted an extension of time to file one by November 22, 2019.  (Dkt. Nos. 10-1, 11-19).[1]

Instead, Petitioner waited until December 18, 2020, to file a state habeas corpus application challenging his conviction and sentence.  *Ex parte Riojas*, No. 92,318-01 (Tex. Crim. App.); (Dkt. No. 11-21 at 38).  The Texas Court of Criminal Appeals ultimately denied the application without written order on August 25, 2021.  (Dkt. No. 11-20).  Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on November 10, 2021.  (Dkt. No. 1 at 10).

## II.  Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

---

[1]  *See also* "Riojas, Michael," http://www.search.txcourts.gov (last visited July 27, 2022).

In this case, Petitioner's conviction became final no later than November 22, 2019, when the time for filing a PDR with the Texas Court of Criminal Appeals actually expired.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."); *Brown v. Thaler*, 455 Fed. App'x 401, 405 (5th Cir. 2011) (noting that a conviction becomes final for a petitioner who has been granted an extension to file a PDR, but who fails to file the PDR, on the date on which the petitioner could no longer seek direct review).

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired one year later, on Monday, November 23, 2020.[2]  Because Petitioner did not file his § 2254 petition until November 10, 2021—almost one year after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

## A.    <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)–(D).

---

[2]    Because the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While Petitioner challenged the instant conviction and sentence by filing an application for state post-conviction relief in December 2020, Petitioner's limitations period for filing a federal petition had already expired the previous month on November 23, 2020. Because the state habeas application was filed after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). As such, the instant § 2254 petition, filed November 10, 2021, is still a year late.

**B.    Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's motion to dismiss, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this

Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance that would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365–66 (5th Cir. 2008); *Sutton v. Cain*, 722 F.3d 312, 316–17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's direct appeal of his conviction was dismissed by the intermediate court of appeals in August 2019, and he was given until November 2019 to file a PDR, yet Petitioner filed nothing until December 2020 when he executed his state habeas corpus application challenging his conviction and sentence.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application).  Petitioner also fails to explain why he waited another two and a half months after the Texas Court of Criminal Appeals denied his state habeas application in August 2021 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward

when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by nearly a year.  Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief.  As such, a COA will not issue.

## IV.  <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's § 2254 petition (Dkt. No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Respondent Bobby Lumpkin's Motion to Dismiss, filed May 26, 2022 (Dkt. No. 10), is **GRANTED**;

2.     Federal habeas corpus relief is **DENIED** and Petitioner Michael Anthony Riojas's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3.     No Certificate of Appealability shall issue in this case; and

4.     All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is **SO ORDERED.**

**SIGNED** this <u>2nd</u> day of August, 2022.

ORLANDO L. GARCIA
Chief United States District Judge

7